# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WESTERN WAYNE URGENT
CARE, P.C.,

    Plaintiff,                                           Case No. 15-13077

v.                                                     Hon. Gerald E. Rosen

FENSTER-MARTENS HOLDING
COMPANY and JOHN DOES 1-10,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S
## MOTION TO DISMISS AND LIFTING STAY

        At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        February 23, 2016

        PRESENT:    Honorable Gerald E. Rosen
                                    United States District Judge

        Through an order issued on December 8, 2015, the Court stayed all proceedings in this case pending the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez,* No. 14-857. Now that the Supreme Court has issued its ruling, *see Campbell-Ewald Co. v. Gomez,* __ U.S. __, 136 S. Ct. 663 (2016), the Court finds that the stay of this case should be lifted and that the pending motion to dismiss filed by Defendant Fenster-Martens Holding Company should be denied.

As explained in the Court's December 8, 2015 order, Plaintiff Western Wayne Urgent Care, P.C. alleges in this case that Defendant violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending an unsolicited advertisement to Plaintiff's facsimile ("fax") machine. In its class action complaint, Plaintiff seeks an award of statutory damages and injunctive relief, both on its own behalf and on behalf of a class of "at least 40 other" individuals and businesses that allegedly received unsolicited fax advertisements from Defendant. (Complaint at ¶ 17.)

Shortly after Plaintiff brought this suit, Defendant served an offer of judgment upon Plaintiff pursuant to Federal Rule of Civil Procedure 68, in which it agreed to (i) the entry of a judgment against it in the amount of $1,500, (ii) the entry of an injunction prohibiting it from sending unsolicited fax advertisements to Plaintiff in violation of the TCPA, and (iii) the reimbursement of Plaintiff's reasonable costs incurred in this litigation. In Defendant's view, this offer, if accepted, would grant Plaintiff the entirety of the relief it could hope to obtain in this action. Accordingly, by motion filed on September 16, 2015, Defendant sought the dismissal of Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that this case had been rendered moot by virtue of an offer of judgment that would satisfy Plaintiff's entire

demand for relief. In response, Plaintiff contended that Defendant's offer of judgment did not suffice to moot this action because, among other reasons, Plaintiff did not accept the offer.[1]

The Supreme Court's decision in *Campbell-Ewald* resolves this disputed issue in Plaintiff's favor. In that case, as here, defendant Campbell-Ewald made a Rule 68 offer of judgment to plaintiff Jose Gomez that, in Campbell-Ewald's view, provided Gomez with all the relief he could obtain through his claim under the TCPA, but Gomez did not accept this offer and instead "allowed Campbell[-Ewald]'s Rule 68 submission to lapse after the time, 14 days, specified in the Rule." *Campbell-Ewald,* 136 S. Ct. at 667-68. Campbell-Ewald, like Defendant here, "moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction," arguing that its Rule 68 offer of judgment had "mooted Gomez's individual claim by providing him with complete relief." 136 S. Ct. at 668.

The lower courts denied Campbell-Ewald's motion in accordance with Ninth Circuit precedent, and the Supreme Court affirmed. The Court explained that "[u]nder basic principles of contract law, Campbell[-Ewald]'s settlement bid and

---

[1] By operation of Rule 68, when Plaintiff failed to accept Defendant's offer within 14 days after it was served, this unaccepted offer was "considered withdrawn." Fed. R. Civ. P. 68(b).

3

Rule 68 offer of judgment, once rejected, had no continuing efficacy." 136 S. Ct. at 670. The Court further observed that Rule 68 fully comports with these principles of contract law, through its language deeming an offer withdrawn if not accepted within 14 days of service. 136 S. Ct. at 671 (citing Fed. R. Civ. P. 68(b)). Accordingly, given that Campbell-Ewald's settlement offer was no longer "operative," there was a live case or controversy in which "the parties remained adverse [and] both retained the same stake in the litigation they had at the outset." 136 S. Ct. at 670-71. "In sum, an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retained jurisdiction to adjudicate Gomez's complaint." 136 S. Ct at 672.

The Supreme Court's ruling squarely dictates the denial of Defendant's pending motion to dismiss. This motion, after all, rests exclusively on the premise that "[w]hen Defendant served the Offer of Judgment pursuant to Rule 68 offering to satisfy Plaintiff's entire demand, Plaintiff lost its personal stake in the action," and dismissal of the case therefore was warranted "for lack of subject matter jurisdiction." (Defendant's Motion, 9/24/2015 Amended Br. in Support at 3.) Yet, *Campbell-Ewald* holds that an unaccepted Rule 68 offer of judgment does not deprive a plaintiff of its stake in the litigation, but instead leaves the parties in the same adverse posture they occupied prior to service of the offer. Because Plaintiff

did not accept Defendant's Rule 68 offer of judgment within 14 days, this offer was deemed withdrawn by operation of the Rule, and it follows under *Campbell-Ewald* that this Court retains jurisdiction over this suit. *See Family Health Chiropractic, Inc. v. MD On-Line Solutions, Inc.,* No. 15-3508, 2016 WL 384823, at *1 (6th Cir. Feb. 2, 2016) (applying *Campbell-Ewald* to conclude that the plaintiff's claims were not rendered moot by virtue of a rejected settlement offer, even one that "offered complete relief" to the plaintiff); *Compressor Engineering Corp. v. Thomas,* No. 10-10059, 2016 WL 438963, at *3 (E.D. Mich. Feb. 3, 2016) (likewise pointing to *Campbell-Ewald* as dictating the rejection of the defendant's argument that an unaccepted Rule 68 offer of judgment mooted either the plaintiff's individual claims or the claims of the putative class members).[2]

For these reasons,

---

[2] It bears emphasis that the ruling in *Campbell-Ewald* is limited solely to "an unaccepted settlement offer or [Rule 68] offer of judgment," with the Court expressly declining to "decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Campbell-Ewald,* 136 S. Ct. at 672. As observed in this Court's December 8, 2015 order, at least some Sixth Circuit precedent seemingly permits a district court to enter a judgment in favor of the plaintiff in accordance with a defendant's offer that satisfies the plaintiff's entire demand, even if the plaintiff has not accepted this offer. (*See* 12/8/2015 Order at 5 (citing *O'Brien v. Ed Donnelly Enterprises, Inc.,* 575 F.3d 567, 574-76 (6th Cir. 2009)).) The Court need not decide whether the Sixth Circuit's decision in *O'Brien* survives the ruling in *Campbell-Ewald,* where Defendant's pending motion to dismiss rests on an argument and procedural posture that are materially indistinguishable from those addressed by the Supreme Court in *Campbell-Ewald.*

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's September 16, 2015 motion to dismiss (docket #11), as supplemented by an amended brief filed on September 24, 2015 (docket #17), is DENIED. IT IS FURTHER ORDERED that the stay of proceedings imposed in a prior December 8, 2015 order is LIFTED. The Court will advise the parties in a forthcoming notice of the date and time of a scheduling conference at which the Court will establish dates and deadlines to govern this litigation going forward.

SO ORDERED.

               s/Gerald E. Rosen
               United States District Judge

Dated: February 23, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 23, 2016, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135