## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WESTERN WAYNE URGENT CARE, P.C.,

     Plaintiff,

                                     Judge Bernard A. Friedman

     v.

                                       2:15-cv-13077-BAF-MKM

FENSTER-MARTENS HOLDING
COMPANY doing business as
ENTERPRISE MEDICAL SERVICES,
and JOHN DOES 1- 10,
      Defendants.

## PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT AGREEMENT

Plaintiff Western Wayne Urgent Care, P.C.  hereby move the Court,

pursuant to Rule 23 of the Federal Rules of Civil Procedure, for final approval of

the proposed settlement with with Defendant, Fenster-Martens Holding Company

d/b/a Enterprise Medical Services ("Defendant" or "Enterprise Medical Services"),

and the proposed plan for distribution of settlement funds. In support of this

motion, Plaintiff relies upon the accompanying memorandum of law, which is

incorporated by reference herein.

DATED: June 28, 2017                   Respectfully submitted,

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)


ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC
Adam G. Taub
Adam G. Taub (P48703)
17200 W 10 Mile Rd Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

*Attorneys for Plaintiff and Settlement Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WESTERN WAYNE URGENT CARE, P.C.,

      Plaintiff,

                                   Judge Bernard A. Friedman

      v.

                                   2:15-cv-13077-BAF-MKM

FENSTER-MARTENS HOLDING
COMPANY doing business as
ENTERPRISE MEDICAL SERVICES,
and JOHN DOES 1- 10,
      Defendants.

## PLAINTIFF'S UNOPPOSED MEMORANDUM IN SUPPORT OF
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

## TABLE OF CONTENTS

Table of Authorities………...…………………………………...……......…...........3

I. Notice Process………………………………………………...………....…........5

II. Notice Summary..........................................................................................6

III. Overview of the Litigation Preceding Settlement................................................7

IV. The Administration of this Class Action Settlement.........................................7

  A. The Preliminary Approval Order…………………...……...….....…………..7

  B. The Class Notice...........................................……………...…..........8

  C. The Value of the Agreement.........................................................9

       1. Settlement Fund.......................................................9

       2. Unclaimed or Undistributed Settlement Fund..............................10

       3. Attorney's Fees and Costs...........................................10

  D. No Objections Were Received...........................................................11

  E. No Government Entities Have Objected
     to the Proposed Settlement...........................................................11

V. The Court Should Grant Final Approval to the Agreement..............................11

  A. Rule 23(a)(1) – The Class is So Numerous that
     Joinder of All Members is Impracticable.......................................11

  B. Rule 23(a)(2) – The Claims of the Class Arise from
     Common Questions of Law and Fact..........................................12

  C. Rule 23(a)(3) – Named Plaintiff's Claims are Typical of the
     Claims of the Settlement Class Members......................................13

  D. Rule 23(a)(4) – The Plaintiff and Class Counsel Have Fairly
     and Adequately Protected the Interests of the Class.........................13

  E. The Class is Appropriate Pursuant to Rule 23(b)(3).......................14

  F. Plaintiff has met the Standard for Granting Final Approval to the
     Class Action Settlement...........................................................15

     1. The Likelihood of Plaintiff's Success on the Merits Weighed
       Against the Relief Offered in the Settlement Supports Approval..............16

     2. The Complexity, Expense, and Likely Duration of
       Continued Litigation Favor Approval.......................................18

     3. The Judgement of Experienced Counsel Supports Approval....................19

     4. The Amount of Discovery Completed.......................................20

     5. The Reaction of Class Members..........................................20

     6. The Settlement Agreement is the Product of
       Arm's Length Negotiations..............................................21

     7. The Settlement is Consistent with the Public Interest................21

VI. The Proposed Attorney's Fees and Requested
     Service Payment to Class Representative are Reasonable...............................22

VII. Conclusion................................................................................24

## TABLES OF AUTHORITIES

Cases

*Amchem Productions, Inc. v. Windsor*,
   521 U.S. 591 (1997) ................................................................. 14, 15
*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980) ...............................................................................22
*Date v. Sony Electronics, Inc.*,
   No. 07-15474, 2013 WL 3945981 (E.D. Mich. Jul. 31, 2013) ...........................19
*De La Fuente v. Stokley-Van Camp, Inc.*,
   713 F.2d 225 (7th Cir. 1993) ...............................................................13
*DWG Corp.*,
   962 F.2d 1203 (6th Cir.1992) ....................................................... 16, 21
*Ford*,
   2006 WL 1984363 ...................................................................... 16, 21
*Gascho v. Glob. Fitness Holdings, LLC*,
   2016 WL 2802473 ...............................................................................22
*General Tel. Co. v. Falcon*,
   102 S.Ct. 2364 (1982) .........................................................................13
*Griffin v. Flagstar Bancorp, Inc.*,
   No. 2:10–cv–10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)... 15, 16, 20,
   21
*In re Cardizem CD Antitrust Litig.*,
   218 F.R.D. 508 (E.D. Mich. 2003)............................................................ passim
*In re Continental Illinois Sec. Litig.*,
   962 F.2d 566 (7th Cir. 1992) ...............................................................23
*In re Packaged Ice Antitrust Litig.*,
   No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011) .. 15, 16, 19, 21
*IUE-CWA*,
   238 F.R.D. ..................................................................................... 16, 17
*Kornberg v. Carnival Cruise Lines, Inc.*,
   741 F.2d 1332 (11th Cir. 1984).............................................................13
*Kreuzfeld A.G. v. Carnehammer*,
   138 F.R.D. 594 (S.D.Fla. 1991) ...........................................................12
*Lessard v. City of Allen Park*,
   372 F. Supp. 2d 1007 (E.D. Mich. 2005).............................................................15
*Litigation*,
   264 F.3d 712 (7th Cir. 2001).............................................................23
*Mills v. Electric Auto-Lite Co.*,

396 U.S. 375 (1970) ...............................................................................................22
*Rawlings v. Prudential-Bache Props., Inc.*,
   9 F.3d 513 (6th Cir. 1993) ..............................................................................22
*Ressler v. Jacobsen*,
   149 F.R.D. 651 (M.D. Fla. 1992) ....................................................................23
*Retired Chicago Policy Ass'n v. City of Chicago*,
   7 F.3d 584 (7th Cir. 1993) ..............................................................................13
*Rosario v. Livaditis*,
   963 F.2d 1013 (7th Cir. 1992) ........................................................................12
*Sheick v. Auto. Component Carrier LLC*,
   No. 2:09–cv–14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010).......... passim
*Southeastern Milk*,
   2013 WL 2155379 ..........................................................................................18
*Swanson v. American Consumer Industries, Inc.*,
   415 F.2d 1326 (7th Cir. 1969) ........................................................................11
*Telectronics*,
   137 F. Supp. ...................................................................................................18
*UAW v. General Motors Corp.*,
   497 F.3d 615 (6th Cir. 2007) ............................................................. 15, 16, 17
*In re Delphi Corp. Sec., Deriv. &* ......................................................................19
*Williams v. Vukovich*,
   720 F.2d 909 (6th Cir.1983) ............................................................. 15, 18, 19

Statutes

28 U.S.C. § 1715 ....................................................................................................11
47 U.S.C. §227 .....................................................................................................7, 8

Rules

Federal Rules of Civil Procedure 23(a) and 23(b)(3) .............................................8
Rule 23(a) and 23(b) ............................................................................................14
Rule 23(a)(1) ................................................................................................. 11, 12
Rule 23(a)(2) .........................................................................................................12
Rule 23(a)(3) ................................................................................................. 12, 13
Rule 23(a)(4) ................................................................................................. 13, 14
Rule 23(b)(3)...........................................................................................................14

4

Western Wayne Urgent Care, P.C. ("Plaintiff"), on behalf of itself and all others similarly situated, by class counsel, Edelman, Combs, Latturner & Goodwin, LLC and Adam G. Taub & Associates Consumer Law Group, PLC, respectfully submits the following Memorandum in Support of Final Approval of the Class Action Settlement Agreement with Defendant, Fenster-Martens Holding Company d/b/a Enterprise Medical Services ("Defendant" or "Enterprise Medical Services") (collectively, the "Settling Parties").   This Court preliminarily approved the Agreement on March 23, 2017.

## I.   <u>NOTICE PROCESS</u>

Following the Court's Order dated March 23, 2017, preliminarily approving the settlement in this matter. Notice of the settlement was delivered successfully to 167 of the total 189 class members identified by defendant.  Specifically, notice of the Settlement was sent by plaintiff's counsel's agent, Class-Settlement.com ("Class-Settlement.com"), via first class U.S. mail, postage prepaid to each Class member identified on the class list prepared by Defendant.

The list provided to it by Defendant contained address and facsimile information related to 189 Class Members.  On April 24, 2017, notice was sent via First Class U.S. Mail to all unique numbers on the list.  (*See* Declaration of Andrew Barnett, <u>Appendix A</u>) At the conclusion of the first notice by mail, there were 22 addresses on the Fax List which were not successfully sent the Class

Notice by mail.  Class-Settlement.com acquired forwarding information and sent the Class Notice to 3 of those class members whose original notices were returned. A total of 19 of the 22 notices were returned "not deliverable as addressed." (Appendix A)  As of June 22, 2017, a total of 170 notices were successfully sent to 189 Class members, yielding an 89.95% success rate.   (Appendix A)

Class-Settlement.com also set up an encryption-protected dedicated website, www.class-settlement.com. The website posted the Class Notice, the Preliminary Approval Order, and the Settlement Agreement, excluding exhibits.  The website also contains the dates and deadlines to opt out or object to the settlement, the date of the Final Approval Hearing, and contact information of the Class Administrator and Class Counsel.

**NO** objections have been filed or received by the Settlement Administrator or Class Counsel.  There have likewise been **NO** requests for exclusion submitted by the members of the Settlement Class. (Appendix A)

## II.   <u>NOTICE SUMMARY</u>

After notice by mail to the Settlement Class Members as previously approved and authorized by this Court, class counsel, via its agent, was able to provide notice to nearly 90% of the of Class Members.  There have been **no** objections to the settlement by the Settlement Class Members and **no** requests for exclusion. (Appendix A)

III.   **OVERVIEW OF THE LITIGATION PRECEDING SETTLEMENT**.

Plaintiff filed this action on October 8, 2015 in the United Stated District Court, Eastern District of Michigan, Southern Division against Defendant Fenster-Martens Holding Company d/b/a Enterprise Medical Services alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and seeking damages individually and on behalf of a putative class.

Subsequent to service, the parties undertook extensive motion practice related to Defendant's attempts to moot the case via an Offer of Judgment and related Motion to Dismiss.  Thereafter, the parties undertook discovery and ultimately underwent extensive settlement discussions which culminated in the negotiation of the Settlement, as memorialized in the Settlement Agreement, at arm's-length and in good faith.  The Agreement was presented to the Court for preliminary approval. Consistent with the Court's March 23, 2017, Order and as demonstrated below, the Settlement Agreement is now ripe for this Court's consideration and final approval.

IV.   **THE ADMINISTRATION OF THIS CLASS ACTION SETTLEMENT**.

A.   **The Preliminary Approval Order**.

On March 23, 2017, this Court entered an order (the "Order") granting preliminary approval of the Settlement Agreement and certifying the following class for settlement purposes:

All persons and entities with fax numbers who during the period of August 13, 2011 through and including August 13, 2015, were sent

7

faxes by or on behalf of Fenster-Martens Holding Company d/b/a Enterprise Medical Services promoting its or their goods or services for which it/they did not obtain prior consent from the fax recipient and which did not contain an opt out notice as described in 47 U.S.C. § 227.

In the Order, the Court specifically found that the proposed terms of the Agreement satisfy all of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Order further established a procedural framework for the final approval of the Agreement. Specifically, the Order required that Notices of Settlement be sent to the Settlement Class Members; set deadlines and procedures for submission of claims, requests for exclusion, and objections to the Settlement; and set a July 5, 2017, final approval hearing.

### B.    The Class Notice.

Subsequent to the entry of the Order, notice of the Agreement was sent via first class U.S. Mail by Class-Settlement.com to the 189 Settlement Class Members identified in records produced by Defendant.   Specifically, on April 24, 2017, subsequent to comparison of the addresses to the NCOA database, Notice was sent via First Class U.S. Mail to each of the 189 fax numbers identified by the Settling Parties as Class Members.   22 Notices were ultimately returned 3 of which were successfully delivered to forwarding addresses.   In sum, Class Counsel, via the administrator, was able to provide notice to 170 of the 189 members or 89.95% of the Settlement Class.   (Appendix A)   **No** objections and **no** requests for exclusion have been received from the Settlement Class.

8

C.     **The Value of the Agreement**.

Plaintiff and Settling Parties entered into a class action Settlement Agreement.

Specifically, the Agreement provides:

1.     **Settlement Fund**. Subject to Court approval, Defendant agrees

to pay the sum of $38,000.00 to a settlement fund (the "Settlement Fund"). The

Settlement Fund shall be distributed as follows:

     (a)    Payment of $3,000.00 to Plaintiff Western Wayne Urgent Care, P.C as an incentive award for its services as a class representative.

     (b)    Payment of reasonable costs of notice and administration of the settlement up to a maximum of $2,000.00.

     (c)    Payment of attorney's fees in the amount of $11,000.00 which represents one-third of the Settlement Fund to Plaintiff's Counsel Edelman, Combs, Latturner & Goodwin, LLC.

     (d)    After payments set forth in subparagraphs (a)-(b) of this Paragraph, the balance of the Settlement Fund shall be distributed pro rata among those members of the Settlement Class who elected not to opt-out of the Class.

A total of **170** Settlement Class Members are eligible to and will receive

payments pursuant to the Settlement Agreement.   Each of the 170 Class Members

to whom Notice was successfully delivered is entitled to payment of approximately

$129.41. Settlement Class members shall be paid by checks void 60 days after

issuance.

2.     **Unclaimed or Undistributed Settlement Funds**. If the Court

9

allows the proposed payments set forth above, including the incentive award to Plaintiff and the attorney's fees and costs requested by Class Counsel, the only funds that would remain in the Settlement Fund are those that may result from Settlement Class Members' failure to timely negotiate their settlement checks. Additional *de minimis* funds may also remain in the Settlement Fund following the payments set out in subparagraphs (a) and (b) of paragraph 1, above, that may not be equally divisible among the valid claimants. The parties intend, subject to Court approval, that all amounts resulting from uncashed checks or funds that could not otherwise be distributed, shall be distributed as a *cy pres* award to an organization to be recommended by the parties and approved by the Court. The payment to the *cy pres* recipient will occur within 30 days following the last void date of the Settlement Class Members' settlement checks.

   3.  **Attorney's Fees and Costs**. The Settling Parties have agreed not to oppose Plaintiff's counsel's request for attorney's fees in an amount equal to one-third of the Settlement Fund ($38,000.00) plus reasonable litigation expenses incurred in administering the settlement. Plaintiff's counsel has separately filed a Fee Petition requesting $11,000.00, which amount represents one-third of the Settlement Fund, less notice and administrative expenses ($38,000.00 (Settlement Fund) - $2,000.00 (Notice and Administrative Expenses) - $3,000.00 (Proposed Representative Award to Plaintiff) = $33,000.00 (Net Settlement Fund) x 1/3 =

$11,000.00).  [Dkt No. 59]

### D.   <u>No Objections Were Received.</u>

Neither Plaintiff's counsel nor counsel for Defendant have received any objection to the proposed Settlement. Nor have any Settlement Class Members sought to be excluded from the Settlement.  This should be viewed as an endorsement of the Agreement by the Settlement Class.

### E.   **No Government Entities Have Objected** <u>to the Proposed Settlement.</u>

In accordance with this Court's Preliminary Approval Order and the Class Action Fairness Act, counsel for Defendant sent notice of the proposed settlement to the Attorney General of the United States as well as the Attorney General of each state in which Class Members reside. *See* Defendant's Notice of Compliance with 28 U.S.C. § 1715. [Dkt No. 39] Neither Plaintiff's counsel nor counsel for Defendant have received any objections from these government officials, nor have any of those officials sought to intervene in this action.

## V.   **THE COURT SHOULD GRANT** <u>FINAL APPROVAL TO THE AGREEMENT</u>

### A.   **Rule 23(a)(1) - The Class Is So Numerous That** <u>Joinder Of All Members Is Impracticable.</u>

The Settlement Class consists of approximately 190 persons and/or entities. The U.S. Court of Appeals for the Seventh Circuit has recognized that as few as 40 class members are sufficient to satisfy the "numerosity" requirement of Rule

23(a)(1). *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969); *see also, Newberg on Class Actions*, 3rd ed. Sec. 3.05, pp. 3-25 ("The difficulty in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."). The number of Settlement Class Members in this case plainly satisfies the numerosity requirement of Rule 23(a)(1).

### B. Rule 23(a)(2) - The Claims Of The Class Arise From Common Questions Of Law And Fact.

The "commonality" requirement of Rule 23(a)(2) is generally satisfied where the class members' claims arise from a common nucleus of operative fact. *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992). Rule 23(a)(2) requires only that the class members share at least one question of fact or law in common. *Kreuzfeld A.G. v. Carnehammer*, 138 F.R.D. 594, 599 (S.D.Fla. 1991) (the issue of commonality "turns on whether there exists at least one issue affecting all or a significant number of proposed class members").

In the present case, the claim arose from common questions: Whether Enterprise Medical Services engaged in a pattern of sending unsolicited fax advertisements; and whether by doing so they thereby violated the TCPA. These common questions satisfy Rule 23(a)(2).

### C. Rule 23(a)(3) - Named Plaintiff's Claims are Typical Of the Claims Of The Settlement Class Members.

The "typicality" requirement of Rule 23(a)(3) may be satisfied for many of the same reasons as the "commonality" requirement of Rule 23(a)(3). *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993)("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory"); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)(the typicality requirement is satisfied where the "claims or defenses of the class and the class representative arise from the same event or practice and are based upon the same legal theory").

In this case, Plaintiff's claims arose from the same question of law as those of the Settlement Class Members: Whether the sending of unsolicited fax advertisements Enterprise Medical Services violates the TCPA and. Rule 23(a)(3) is plainly satisfied in this case.

### D. Rule 23(a)(4) - Plaintiff and Class Counsel Have Fairly And Adequately Protected The Interests Of The Class.

The determination that the "representative parties will fairly and adequately protect the interests of the class" as required by Rule 23(a)(4) involves two considerations: (1) whether the Plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (2) whether the Plaintiff has any interests

antagonistic to the class. *General Tel. Co. v. Falcon*, 102 S.Ct. 2364, 2370, n.13 (1982); *Retired Chicago Policy Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).

As set forth in the Declarations of Daniel A. Edelman and Adam G. Taub (<u>Appendices B-C</u>), Plaintiff's counsel is experienced in class action litigation. In addition, Plaintiff does not have any interest in conflict with the Settlement Class Members. Therefore, the named Plaintiff and Class Counsel satisfy the adequacy of representation requirement of Rule 23(a)(4).

### E.    <u>The Class Is Appropriate Pursuant to Rule 23(b)(3).</u>

Class certification is appropriate under Rule 23(b)(3) where: (1) common questions of law or fact predominate over individual questions and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. Because the claims at issue address the alleged practice of Defendants in sending unsolicited facsimiles, there are no individual issues and common questions predominate. A class action presents a superior method to fairly and efficiently adjudicate all claims of the Class in this case, within the meaning of Rule 23(b)(3). The Agreement provides Settlement Class Members with an opportunity to obtain a portion of the statutory damages provided for by the TCPA without the filing of numerous individual and identical lawsuits.

**F.**    **Plaintiff Has Met The Standard For Granting**
**<u>Final Approval To The Class Action Settlement.</u>**

In *Amchem Productions, Inc. v. Windsor*, 521 U.S. 591 (1997), the United

States Supreme Court explained that, before approving a class action settlement, the

District Court must first be satisfied that the elements of Rule 23(a) and 23(b) have

been met. *Id.* at 621, 117 S.Ct. at 2248.   Both the Sixth Circuit and courts in the

Eastern District of Michigan "have recognized that the law favors the settlement of

class action lawsuits." *Griffin v. Flagstar Bancorp, Inc.,* No. 2:10–cv–10610, 2013

WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013); *In re Packaged Ice Antitrust Litig*.,

No. 08-MD-01952, 2011 WL 717519, at *7 (E.D. Mich. Feb. 22, 2011). *Accord*

*UAW v. General Motors Corp.,* 497 F.3d 615, 632 (6th Cir. 2007) (federal policy

favors settlement of class actions).

A court's inquiry on final approval is whether the proposed settlement is

"fair, adequate, and reasonable to those it affects and whether it is in the public

interest." *Lessard v. City of Allen Park*, 372 F. Supp. 2d 1007, 1009 (E.D. Mich.

2005) (*citing Williams v. Vukovich*, 720 F.2d 909, 921–23 (6th Cir.1983)). This

determination requires consideration of "whether the interests of the class as a

whole are better served if the litigation is resolved by the settlement rather than

pursued." *In re Cardizem CD Antitrust Litig*., 218 F.R.D. 508, 522 (E.D. Mich.

2003) (citation omitted); *Sheick v. Auto. Component Carrier LLC*, No. 2:09–cv–

14429, 2010 WL 4136958, at *14-15 (E.D. Mich. Oct. 18, 2010).

Courts in the Sixth Circuit have identified a number of related factors that are relevant in determining whether a settlement is fair, reasonable and adequate: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the complexity, expense, and likely duration of further litigation; (3) the opinions of class counsel and class representatives; (4) the amount of discovery engaged in by the parties; (5) the reaction of absent class members; (6) the risk of fraud or collusion; and (7) the public interest. *Packaged Ice*, 2011 WL 717519, at *8. *Accord UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Griffin*, 2013 WL 6511860, at *3; *Cardizem*, 218 F.R.D. 508 at 522. No single factor is dispositive. When evaluating the fairness of a settlement, the court may weigh each factor based on the circumstances of the case, *Ford*, 2006 WL 1984363, at *21, and may "choose to consider only those factors that are relevant to the settlement at hand. *Id*. at *22. *See also Grenada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205–06 (6th Cir.1992) (district court enjoys wide discretion in assessing the weight and applicability of factors). As discussed more fully below, the present settlement is fair, reasonable and adequate under the relevant criteria, and warrants approval under Rule 23(e)(2).

### 1.     The Likelihood of Plaintiff's Success on the Merits Weighed Against the Relief Offered in the Settlement Supports Approval.

When considering the fairness of a class action settlement, the court should assess it "with regard to a 'range of reasonableness,' which 'recognizes the

uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'" *Sheick*, 2010 WL 4136958, at *15 (quoting IUE-CWA, 238 F.R.D. at 594); *Ford*, 2006 WL 1984363, at *21. The fairness of a class action settlement "turns in large part on the bona fides of the parties' legal dispute." *UAW*, 497 F.3d at 631. In assessing the parties' dispute and weighing the likelihood of plaintiffs' success on the merits if the litigation continues against the benefits of the settlement, the ultimate question for the court is whether the interests of the class as a whole are better served if the litigation is resolved by settlement rather than pursued. *Sheick*, 2010 WL 4136958, at *16 (*citing IUE–CWA*, 238 F.R.D. at 595). Plaintiff here is optimistic about the likelihood of ultimate success in this case, but acknowledges that a successful resolution is not guaranteed. Further, Plaintiff believes that Enterprise Medical Services, which is represented by highly experienced and competent counsel, was prepared to defend this case through trial and appeal, if necessary. Risk is inherent in any litigation, and this is particularly true with respect to class actions. Consequently, while optimistic about the outcome of this litigation, Plaintiff must acknowledge the risk that Enterprise Medical Services could prevail with respect to certain legal or factual issues, which could result in reducing or eliminating any potential recovery. In addition, in this case, the lack of available insurance coverage as well as Defendant's financial condition were considered and the

amount of the settlement achieved reflects a compromise of between its ability to continue operating and while likewise providing a fair and reasonable recovery to the Class. Weighing the settlement's benefits against the risks of continued litigation, Settlement Class Counsel believe that the proposed settlement represents an excellent recovery for the Settlement Class.  Accordingly, this factor likewise weighs for settlement in this matter

### 2. The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.

"Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *Cardizem*, 218 F.R.D. at 523 (*quoting Vukovich*, 720 F.2d at 922). "[T]he prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *Id. at* 523. This is particularly true for class actions, which are "inherently complex." *Telectronics*, 137 F. Supp. at 1013 (settlement avoids the costs, delays, and multitude of other problems associated with class actions, which are "inherently complex."). *Accord Southeastern Milk*, 2013 WL 2155379, at *4; *see also Cardizem*, 218 F.R.D. at 533 ("Moreover, the complexity of this case cannot be overstated. Antitrust class actions are inherently complex…."). Defendant has denied (and continues to deny) liability for violation of the TCPA. Class Counsel believe that in the absence of a settlement, the present case would have required, potentially over several more years, substantial additional discovery in the form of

depositions, substantial motion practice, expert discovery, summary judgment, and potentially a lengthy trial and possible appeal. Given the complexity and uncertainty of the merits issues, and the substantial anticipated expense and duration of the litigation, this factor also supports final approval of the proposed settlement.

### 3.    The Judgment of Experienced Counsel Supports Approval.

In deciding whether a proposed settlement warrants approval, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, 248 F.R.D. 483, 498 (E.D. Mich. 2008). Counsel's judgment "that settlement is in the best interests of the class 'is entitled to significant weight, and supports the fairness of the class settlement.'" *Packaged Ice*, 2011 WL 717519, at *11 (quoting *Sheick*, 2010 WL 4136958, at *18). "In the absence of evidence of collusion (there is none here) this Court 'should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.'" *Date v. Sony Electronics, Inc.*, No. 07-15474, 2013 WL 3945981, at *9 (E.D. Mich. Jul. 31, 2013) (*quoting Vukovich*, 720 F.2d at 922–23).    As no Settlement Class Members have opted out of the Settlement, each of those 170 Settlement Class Members whose notice was not returned as undeliverable submitted a valid claim will receive a recovery of $129.41 per fax number. This recovery represents over 25% of the

statutory damages that could be obtained in an individual lawsuit for a non-willful violation of the TCPA. Settlement Class Counsel have extensive experience in handling class action litigation and are specifically experienced in prosecuting and resolving alleged violations of the Telephone Consumer Protection Act. After careful evaluation of the proposed settlement, they have concluded that it is fair, reasonable and adequate, and in the best interest of the Class Members given all known facts, including the risk of significant delay and potential defenses asserted.

4.    **The Amount of Discovery Completed**

In this case, the parties undertook significant written discovery related to class certification and merits issue. The information from these sources allowed Settlement Class Counsel to evaluate not only the strengths and weaknesses of the legal case, but also the potential value of the promised cooperation. Based on this information, Settlement Class Counsel believe that the settlement is fair, reasonable, and in the best interests of the Settlement Class, and their opinion supports final approval of the settlement. *Griffin*, 2013 WL 6511860, at *4-5.

5.    **The Reaction of Class Members**.

As of the filing of this Memorandum, the deadline for objections and opt-out requests has passed and there have been no objections to the proposed settlements or requests for exclusion. This positive reaction to the Settlement by the Settlement Class Members weighs heavily in favor of approval.

6.      **The Settlement Agreement is the Product
        of Arm's-Length Negotiations.**

Unless rebutted by evidence to the contrary, there is a presumption that

settlement negotiations were conducted in good faith and that the resulting

agreement was reached without collusion. *Griffin*, 2013 WL 6511860, at *3;

*Packaged Ice*, 2011 WL 717519, at *12; *Ford*, 2006 WL 1984363, at *26; *Sheick*,

2010 WL 4136958, at *19-20. Settlement Class Counsel have extensive experience

litigating class action cases, and they negotiated at all times at arm's length with

Enterprise Medical's. Consideration of this factor fully supports final approval of

the settlement as well.

7.      **The Settlement is Consistent With the Public Interest.**

"[T]here is a strong public interest in encouraging settlement of complex

litigation and class action suits because they are 'notoriously difficult and

unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D.

at 530 (*quoting Granada*, 962 F.2d at 1205). *Accord Packaged Ice*, 2011 WL

717519, at *12. Plaintiff submits that there is no countervailing public interest that

provides a reason to disapprove the proposed settlement. *Griffin*, 2013 WL

6511860, at *5. This factor also supports approval. Consideration of all the above

factors supports final approval of the proposed settlement. Settlement Class

Counsel respectfully submit that the proposed settlement is in the best interests of

the Settlement Class and should be finally approved.

21

## VI.   THE PROPOSED ATTORNEY'S FEES AND REQUESTED SERVICE PAYMENT TO CLASS REPRESENTATIVE ARE REASONABLE.

Pursuant to the Settlement Agreement and as set forth in in detail in the *Petition for Award of Attorneys' Fees and for Service Payment to Class Representative* [Dkt. No. 59], Class Counsel requests approval of payment of attorney's fees equal to one-third of the Settlement Fund in an amount equal to $11,000.00 and payment of a Class Representative Service Award to Plaintiff in the amount of $3,000.00.

Class Counsel in this matter includes experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter. The Sixth Circuit has specifically authorized the district courts to award attorney's fees using the lodestar method or the percentage of fund method. *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516-17 (6th Cir. 1993); *Gascho v. Glob. Fitness Holdings, LLC*, 2016 WL 2802473, at *7 (reaffirming that the district court has discretion to choose the lodestar or percentage method). The percentage-of-the-fund approach is the preferred method of fee calculation in common fund cases, see, e.g., *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 532 (E.D. Mich. 2003).

Consumer protection cases, where counsel is retained on a contingent fee basis, are certainly no different. It is well established that when a representative party has created a "common fund" for, or has conferred a "substantial benefit"

22

upon, an identifiable class, counsel for that party is entitled to an award of attorneys' fees from the fund. *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *In re: Synthroid Marketing Litigation*, 264 F.3d 712, 717 (7th Cir. 2001).

Class counsel took this case on a contingent fee basis nearly one year ago-with no guarantee of payment. A fee request of one-third of the Settlement Fund is also consistent with the marketplace. This case was prosecuted by Class Counsel on a contingent fee basis with no guarantee of payment. In undertaking to prosecute this case on that basis, Class Counsel assumed a significant risk of non-payment or payment at below-market rates. Numerous cases recognize that the contingent fee risk is an important factor in determining the fee award. *See In re Continental Illinois Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992) (holding that when a common fund case has been prosecuted on a contingent basis, plaintiff's counsel must be compensated adequately for the risk of non-payment); *Ressler v. Jacobsen*, 149 F.R.D. 651, 654 (M.D. Fla. 1992) ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award.").

Class Counsel filed a well-researched complaint alleging claims for relief under federal law and state law. Class Counsel also engaged in extensive settlement discussions. Additionally, Class Counsel and its staff handled inquiries from Class Members. As discussed above, those Settlement Class Members who have submitted

claims will receive $129.41 from the Settlement Fund. In light of the work performed in this matter, Class Counsel's request for an amount equal to one-third of the Settlement Fund is reasonable.

Settlement Class Counsel further requests that the Court approve an incentive award in the amount of $3,000.00 for the Class Representative, Plaintiff Western Wayne Urgent Care, P.C., to recognize its participation in this litigation. Plaintiff actively pursued the Settlement Class's interests by joining this suit as a Class Representative and undertaking the responsibilities associated therewith. Plaintiff's request for one incentive payment of $3,000 is in fact below the amount of incentive payments granted in other TCPA class action cases and is reasonable.

Accordingly, Class Counsel believes the amounts requested are reasonable and requests approval thereof.

## VII. <u>CONCLUSION</u>.

For all of the reasons set forth above, Plaintiff individually, and as a representative of the Settlement Class of similarly situated persons, by Class Counsel, requests that this Court grant final approval of the Agreement and enter the parties' proposed final approval order, attached hereto as <u>Appendix D</u>.

Respectfully submitted,

/s/ Daniel A. Edelman
Daniel A. Edelman

24

Daniel A. Edelman
Cathleen M. Combs
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)


ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC
Adam G. Taub
Adam G. Taub (P48703)
17200 W 10 Mile Rd Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 28, 2017, a true and correct copy of the foregoing document was electronically filed and served on all counsel of record in this action who are deemed to have consented to electronic service via the Court's CM/ECF system.


/s/ *Daniel A. Edelman*
Daniel A. Edelman



Daniel A. Edelman
Dulijaza (Julie) Clark
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)